UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
ROBERTO ALMANZAR,

                                                           18-cv-6811 (VEC)

                        Plaintiff,

   -against-

MILLENIUM HOTELS,

                        Defendant.
------------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANT'' MOTION TO DISMISS PURSUANT TO
RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**PRELIMINARY STATEMENT**

Defendant, Millennium Hotels (the "Hotel" or "Defendant"), by its attorneys the Law Offices of Cynthia A. Augello, P.C., respectfully submit this Memorandum of Law and the affidavit of Cynthia A. Augello dated October 5, 2018 in support of its motion to dismiss Plaintiff's Complaint. The Hotel brings this motion pursuant to Federal Rules of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to state a claim upon which relief can be granted.

**STATEMENT OF FACTS**

Roberto Almanzar ("Plaintiff") began working for the Hotel in 1976. D.E. 4, ⁋ 9. At the time of his FMLA leave, Plaintiff was employed as a "Stewarding Manager". *Id*. At ⁋ 10. In or about an unspecified time in 2016, Plaintiff took FMLA leave to recover from internal bleeding. Id. At ⁋ 12. On or about April 20, 2017, months after the exhaustion of his FMLA leave, Plaintiff presented the Hotel with a doctor's note indicating his ability to return to work with serious restrictions which would not have permitted him to fulfill the essential functions of his job. *Id*. at ⁋⁋ 14, 15; Augello Aff. at ___. Following his termination, Plaintiff filed a complaint with the

1

United States Equal Opportunity Commission ("EEOC"). D.E. 4 at ¶ 7. Plaintiff later received a "Right to Sue Letter" from the EEOC and subsequently filed the instant action. *Id*.

## ARGUMENT

## STANDARD OF REVIEW

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)), remanded, 574 F.3d 820 (2d Cir. 2009)). The "touchstone for a well-pleaded complaint under Federal Rules of Civil Procedure 8(a) and 12(b)(6) is plausibility." *In re AOL Time Warner, Inc. Sec. Litig.*, 503 F. Supp. 2d 666, 670 (S.D.N.Y. 2007) (*citing Twombly*, 550 U.S. at 560-61). Under this plausibility standard, to survive a motion to dismiss, a plaintiff must "nudge [his] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. This standard applies no less in the employment discrimination context. *See Mohawk v. William Floyd Sch. Dist.*, 2014 WL 838162, *2 (E.D.N.Y. Mar. 3, 2014) (stating that an employment discrimination claim must be facially plausible and must give fair notice to the defendants of the basis for the claim); *see also Hedges v. Town of Madison*, 456 F. App'x 22, 23 (2d Cir. 2013) (summary order) (expressly directing that "at a minimum, employment discrimination claims must meet the standard of pleading set forth in *Twombly* and *Iqbal*"). Case 6:16-cv-06362-FPG Document 4-1 Filed 07/27/16 Page 7 of 12 4813-9357-1636.1 -4- Rule 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Falso v. Churchville Chili Cent. Sch.*, 328 F. App'x 55, 55 (2d Cir. 2009). Instead, a plaintiff must present "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face . . . ." *Id*. (internal quotation marks and citation omitted). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678; *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) ("Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.") (internal quotation marks and citation omitted).

For the reasons set forth below, Plaintiff's allegations do not state a claim of any type of discrimination or a violation of FMLA against Defendant, and the Complaint therefore must be dismissed in its entirety with prejudice.

## POINT I

## PLAINTIFF FAILS TO STATE AN FMLA VIOLATION

Plaintiff has not stated an FMLA violation as he was not ready, willing, or able to return to work at the end of his FMLA leave in January 2017.  *See* Augello Aff. at Exh. "C".  The FMLA's regulations expressly state an employee unable to return to work at the end of an FMLA leave has no job restoration rights:

> If the employee is unable to perform an essential function of the position because of a physical or mental condition, including the continuation of a serious health condition or an injury or illness covered by workers' compensation, the employee has no right to restoration to another position under the FMLA.

29 C.F.R. § 825.216(c).

Relevant decisions from federal and state courts across the country uniformly hold that an employee has no right to reinstatement, and hence, no FMLA claim, when he is unable to return to work at the cessation of his FMLA leave. *See generally Edgar v. JAC Prods., Inc.,* 443 F.3d 501, 506-07 (6th Cir. 2006) (quoting predecessor to 29 C.F.R. § 825.216(c) and observing, "[t]his court has consequently held that an employer does not violate the FMLA when it fires an employee who is indisputably unable to return to work at the conclusion of the 12-week period of statutory

leave."); *Donnellan v. New York City Trans. Auth.*, 1999 U.S. Dist. LEXIS 11103, at *17 (S.D.N.Y. 1999) (granting 12(b)(6) motion on FMLA claim based on employee's inability to return to work at the conclusion of FMLA leave); *Thurston v. Cherry Hill Triplex,* 2008 U.S. Dist. LEXIS 60936 (D.N.J. 2008) (holding that employee could not assert FMLA claim where she was unable to return to work at the end of her FMLA leave); *Dogmantis v. Capital Blue Cross,* 413 F. Supp. 2d 452, 462 (E.D. Pa. 2005) ("[E]mployees who exhaust the twelve weeks of leave provided under the FMLA stand to lose their entitlement to job restoration even if their employers provide additional, non-FMLA leave."); *Krauss v. Catholic Health Initiatives Mountain Region,* 66 P.3d 195, 202 (Colo. Ct. App. 2003) ("Once FMLA leave has been exhausted, the FMLA does not compel an employer to continue holding an employer's job open."); *Oatman v. Fuji Photo Film USA, Inc.,* 2002 U.S. Dist. LEXIS 2644 (N.D. Tex. 2002) (dismissing FMLA interference claim and noting that employee did not "deny that at the end of his leave he was unable to perform the essential functions of his job.")

Plaintiff had no job restoration rights because he cannot allege he was able to return to work at the end of his FMLA leave in January 2017. *See* Augello Aff. at Exh. "C". The FMLA allows an employee to take a maximum of 12 weeks of unpaid leave. *See* 29 U.S.C. § 2612(a)(1)(D). Plaintiff alleges that he took FMLA leave in an unspecified time in 2016. Dkt. No. 4 at ¶12. Plaintiff was intentionally vague in his Complaint because he is aware that he exhausted his 12 weeks of FMLA leave in January 2017 and is now somehow attempting to convince this Court that he was able to return to work and able to perform the essential functions of his job months after his FMLA leave was exhausted. This is simply false. Plaintiff admits in his Complaint he was able to return to work in April 2017 rather than in January 2017 when his FMLA leave was exhausted. Because Plaintiff could not return to work at the expiration of his FMLA

leave, he had no job restoration rights, and his FMLA claim fails as a matter of law. *See e.g.,* 29 C.F.R. § 825.216(c); *Edgar*, 443 F.3d at 506-07; *Dogmantis*, 413 F. Supp. 2d at 462; and *Donnellan,* 1999 U.S. Dist. LEXIS at *17.  As such, Plaintiff's claims must be dismissed.

## POINT II

## PLAINTIFF HAS NOT ALLEGED AN ADA OR NYS HUMAN RIGHTS LAW CLAIM

> *A. Plaintiff has failed to allege facts sufficient to show that he is otherwise qualified to perform the essential functions of his former position.*

At the outset, it should be noted that claims of disability discrimination under the New York State Human Rights Law, are governed by the same legal standards as ADA claims. *Graves v. Finch Pruyn & Co.*, 457 F.3d 181, 184 n.3 (2d Cir. 2006).  To establish a case of disability discrimination under the ADA, a plaintiff must show: "(1) he is "disabled" within the meaning of the ADA; (2) he is otherwise qualified to perform the essential functions of his job; and (3) he suffered adverse employment action because of his disability." *Needle v. Alling & Cory, Inc.*, 88 F. Supp. 2d 100, 104 (W.D.N.Y. 2000).  "Essential functions are defined under EEOC regulations to mean the fundamental duties to be performed in the position in question, but not functions that are merely marginal." *Hernandez v. Int'l Shoppes, LLC*, 100 F. Supp. 3d 232, 260–61 (E.D.N.Y. 2015) (*quoting Shannon v. New York City Transit Auth.*, 332 F.3d 95, 100 (2d Cir. 2003).  Plaintiff has failed to allege facts that show that he was qualified to perform the essential functions as a steward.

Most importantly, a plaintiff must still show that he is otherwise qualified to perform the essential functions of his job, and that he suffered an adverse employment action because of the disability.  *Needle v. Alling & Cory, Inc.*, 88 F.Supp.2d 100 (2d Cir. 2000).  The critical aspect is that the plaintiff must proof that he is "otherwise qualified" for a particular job.  *Borkowski v. Valley Cent. School Dist.*, 63 F.3d 131, 137 (2d Cir. 1995).  To be deemed "otherwise qualified",

the plaintiff must be "able to perform the essential functions of the job, either with or without a reasonable accommodation." *Id*. at 135 (internal citations omitted). "A reasonable accommodation can never involve the elimination of an essential function of a job." *Turner v. Eastconn Regional Education Service Center*, 588 Fed.Appx. 41 (2d Cir. 2014). The EEOC defines "essential functions" as "the fundamental job duties" of the employment position in question, but not functions that are merely "marginal". 29 C.F.R. § 1630.2(n)(1) (1999). Additionally, considerable deference is given to an employer's judgment regarding what functions are essential for service in a particular position. *Frumusa,* 688 F.Supp.2d at 176. Evidence of whether a particular job duty constitutes an essential function includes, in addition to the employer's judgment, a "written description" of the job. 29 C.F.R. § 1630.2(n)(3).

A plaintiff bringing a failure-to-accommodate claim must plead that his employer affirmatively failed to provide him with a reasonable accommodation for his disability. *See McBride v. BIC Consumer Products Mtg. Co., Inc.*, 583 F.3d 92, 97 (2d Cir. 2009). In practice, this means that any accommodation that the plaintiff claims is reasonable must have been actually sought and unlawfully denied. *See Clarke v. White Plains Hosp.*, 650 Fed.Appx. 73,75 (2d Cir. 2016). "Reassignment of a disabled employee to a vacant light-duty position is well established as a reasonable accommodation under the ADA." *King v. Town of Wallkill*, 302 F. Supp. 2d 279, 291 (S.D.N.Y. 2004). "An employer is not, however, obligated to create a new light-duty position for a disabled employee or make permanent previously temporary light-duty positions." *Id*. The plaintiff "bears the burden of showing that a reasonable accommodation exist[ed]." *Kendricks v. Westhab. Inc.*, 163 F. Supp. 2d 263, 269 (S.D.N.Y. 2001); *see Clarke*, 650 Fed.Appx. at 75.

Plaintiff's pleading states that he could return to work but fails to mention the restrictions as stated by his physician. *See* Augello Aff. at __. Furthermore, Plaintiff does not state whether

he could complete his job (as he never states what that job was) or perform the duties of that job under those restrictions as described by his physician.  *See*, Complaint, generally.  Further, Plaintiff never states whether he asked for an accommodation or what that accommodation was, if any.  These elements are required in order to survive a motion to dismiss.

In his complaint, Plaintiff states that he was employed by the Hotel in many different titles throughout his tenure.  D.E. 4, ¶ 10.  Plaintiff fails to allege what his position was at the time he left, what the functions of his job were and if he could perform such functions.  Therefore, Plaintiff has failed to plead an essential element for stating a claim of disability discrimination under the ADA and NYSHRL.  As such, his claims must be dismissed.

## POINT III

### PLAINTIFF FAILED TO ALLEGE ANY FACTS CONCERNING HIS AGE DISCRIMINATION CLAIM

Plaintiff has not alleged any facts concerning his age discrimination claim except to state the year he was born and a single statement that his termination was a "pretext for age/disability discrimination".  To be clear, "[t]o survive a motion to dismiss" Plaintiff "must plausibly plead that the circumstances surrounding an adverse employment action give rise to an inference of age discrimination." *Kirkweg v. N.Y.C. Dep't of Educ.*, No. 12–CV–2635, 2013 WL 1651710, at *4 (S.D.N.Y. Apr. 4, 2013) (alteration and internal quotation marks omitted); *see also Deylii v. Novartis Pharm. Corp.*, No. 13–CV–6669, 2014 WL 2757470, at *7 (S.D.N.Y. June 16, 2014) ("[A]n ADEA complaint must contain sufficient facts to make plausible the conclusion that but for his age, Plaintiff would still be employed." (alterations and internal quotation marks omitted)); *Lawtone–Bowles v. City of N.Y., Dep't of Sanitation*, 22 F.Supp.3d 341, 350 (S.D.N.Y.2014) ("To plead a claim of age discrimination under the ADEA, the plaintiff must

allege sufficient facts to support a plausible inference that she suffered an adverse employment action because of her age.").

Plaintiff's Complaint offers only barebones and conclusory allegations. As such, Plaintiff's claims must be dismissed.

**POINT V**

**PLAINTIFF HAS FAILED TO ALLEGE THAT AGE WAS THE "BUT FOR" REASON FOR HIS TERMINATION**

Similar to the disability discrimination claim discussed above, age discrimination claims under the NYSHRL are analyzed identically to claims under the ADEA. *Ndremizara v. Swiss Re Am. Holding Corp.*, 93 F. Supp. 3d 301, 310 n.6 (S.D.N.Y. 2015). To survive a motion to dismiss, "a plaintiff asserting an employment discrimination complaint under the ADEA must plausibly allege that adverse action was taken against h[im] by h[is] employer, and that h[is] age was the "but-for" cause of the adverse action." *Marcus v. Leviton Mfg. Co., Inc.*, 661 F. App'x 29, 31–32 (2d Cir. 2016); *see also Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87 (2d Cir. 2015). "A plaintiff must supply sufficient factual material, and not just legal conclusions, to push the misconduct alleged in the pleading beyond the realm of the "conceivable" to the "plausible."" *Id.* Further, a single solitary statement regarding retirement is insufficient to state a claim under the ADEA. *Douglas v. Banta Homes Corp.*, 2012 WL 4378109 (S.D.N.Y. 2012).

Here, Plaintiff merely states that he was born in 1947 (D.E. 4 ¶ 8) and that a statement that he was unable to return to work because he was unable to perform thee essential functions of his job was a "pretext for age/disability discrimination" (D.E. 4, ¶ 16). Other than those two references to age, Plaintiff fails to allege any facts concerning his age discrimination claim. Plaintiff essentially claims in a throwaway allegation that he was discriminated against due to his age. Alleging that age was **a** factor in Plaintiff's termination, not **the** driving factor in the decision to

terminate Plaintiff, falls well short of alleging facts to show that age was the "but-for" cause of his termination.  Therefore, Plaintiff has failed to allege sufficient facts to state a claim of age discrimination under Title VII or NYSHRL.  As such, Plaintiff's age discrimination claims must be dismissed.

## **CONCLUSION**

For all the foregoing reasons, the Defendants respectfully request that Plaintiff's Complaint be dismissed with prejudice.

Dated: Garden City, New York
　　　　October 5, 2018

　　　　　　　　　　　　　　　　LAW OFFICES OF CYNTHIA A. AUGELLO, P.C.


　　　　　　　　　　　　　　By:_____
　　　　　　　　　　　　　　　　Cynthia A. Augello (CA3839)
　　　　　　　　　　　　　　　　Attorneys for Defendants
　　　　　　　　　　　　　　　　216 Cartleton Avenue
　　　　　　　　　　　　　　　　East Islip, New York 11730
　　　　　　　　　　　　　　　　(631) 693-6399